Ismael Rivera RIVERA, Defendant, Appellant,

v.

UNITED STATES of America, Appellee.

No. 6089.

United States Court of Appeals First Circuit.

Feb. 18, 1964.

---

3. This stipulation was filed in the Tax Court on November 26, 1962. Transcript of Record in this court, 19.

Gerardo Ortiz del Rivero, San Juan, P. R., for appellant.

Gilberto Gierbolini, Asst. U. S. Atty., with whom Francisco A. Gil, Jr., U. S. Atty., was on brief, for appellee.

Before WOODBURY, Chief Judge, and MARIS * and ALDRICH, Circuit Judges.

PER CURIAM.

■ The defendant appeals from a conviction of unlawful importation of a narcotic in violation of 21 U.S.C.A. § 174, upon a jury finding of guilt. Apart from certain rulings which, if erroneous, were in defendant's favor, only two matters possibly warrant mention. The first is defendant's contention that as a citizen returning from abroad he could not, in the absence of reasonable grounds for suspicion, be searched by customs inspectors at the airport after he had passed through immigration, although, concededly, he could have been if the order of procedure were reversed and the customs enclosure had been located so as to be encountered before immigration. No authority can be found for such an arbitrary requirement. Passengers are subject to several examinations before being permitted to enter the country and no reason has been suggested why, assuming all are accomplished with reasonable promptness, they must be done in any particular order. This is not a case where defendant had received unconditional consent to enter the country. There is nothing to this point.

■■ Secondly, the defendant objects to the court's refusal to instruct the jury that the phrase "unless the defendant explains the possession [of the narcotic] to the satisfaction of the jury" [1] encompasses any reason the jury might find satisfactory even though it had nothing to do with a fulfilment of the requirements of the narcotics laws.[2] The statute has no such meaning. Yee Hem v. United States, 1925, 268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904; United States v. Moe Liss, 2 Cir., 1939, 105 F.2d 144; United States v. Feinberg, 7 Cir., 1941, 123 F.2d 425, cert. den. 315 U.S. 801, 62 S.Ct. 626, 86 L.Ed. 1201.

Judgment will be entered affirming the judgment of the District Court.

---

* Sitting by designation.

1. The full portion of the statute reads as follows:

"Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury." 21 U.S.C.A. § 174.

2. The defendant contended that the fact that he had lawfully acquired the narcotic abroad might be felt by the jury to be a satisfactory reason for introducing it into this country.